IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONNA SHEARER, | § | |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:07-CV-552-A |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
|     DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A. STATEMENT OF THE CASE

Plaintiff Donna Shearer filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits under Title II and supplemental security income or SSI benefits under Title XVI of the Social Security Act. Shearer applied for disability insurance benefits on May 9, 2005, and for SSI benefits on May 12, 2006, alleging disability commencing August 27, 2003, as a result of injuries sustained when she fell at work . (Tr. 50, 89, 90, 121-22, 940).

The Social Security Administration denied Shearer's application for benefits both initially and on reconsideration, and Shearer requested a hearing before an administrative law judge (the "ALJ"). ALJ William Helsper held a hearing on September 21, 2006, in Fort Worth, Texas. (Tr. 945). Shearer was represented by counsel. On November 21, 2006, the ALJ issued a decision that Shearer was not disabled because she retained the ability to perform sedentary work,[1] including her past relevant work. (Tr. 16-20). The Appeals Council denied Shearer's request for review of her case, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 5).

B.   STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed: First, the claimant must not be presently working at any substantial gainful activity; second, the claimant must have an impairment or combination of impairments that is severe; third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations; fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to her past relevant work; and fifth, the impairment must prevent the

---

[1] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. §§404.1567(a), 416.967(a).

claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520, 416.920. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five of the process to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir.1999).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id*. This Court may not reweigh the evidence or substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

C. ISSUES

    1. Whether the ALJ considered all of Shearer's medically determinable impairments at Step Two of the sequential evaluation process; and

    2. Whether the ALJ's determination that Shearer can perform her past relevant work is supported by substantial evidence.

D.  ADMINISTRATIVE RECORD

The ALJ provided the following summary of Shearer's medical records:[2]

> The medical evidence shows that after her slip-and-fall accident the claimant reported low back pain with some radiculopathy. She was assessed with a herniated disc at the L3-L4 level for which she underwent a discectomy in February 2004. In June 2004 the claimant reported that she was doing much better although she still had some pain in the right leg. The claimant was neurologically intact as of that time. In August 2004 the claimant was reporting left knee pain and weakness, as well as right shoulder pain. Indeed, the claimant reported having "excruciating" neck pain. Cervical facet joint injections gave the claimant good relief and improved range of motion.
>
> A MRI scan of the shoulder showed mild degenerative change of the posterior labrum and erosion of the humeral head, with tenosynovitis of the biceps.
>
> As for her left knee, in September 2004 the claimant was scheduled to undergo arthroscopic surgery on the knee after being assessed with a partial tear of the medial meniscus posterior horn. However, the insurance carrier denied payment for such surgery. She was also found to have a partial tear of the labral in the right shoulder.
> . . . .
> The claimant underwent a CT scan of the lumbar spine in April 2006 which showed multilevel spondylosis, although the central canal was adequate with no impingement of nerve roots.

(Tr. 18-19)(citations omitted).

Shearer was born May 3, 1953. (Tr. 50). She graduated high school and obtained a teacher's aide certificate that was the equivalent of sixty hours of college credits. (Tr. 948). Her past relevant work included employment as a teacher's aide, cake decorator, and bakery manager. (Tr. 93). Vocational expert Carol Bennett testified that a teacher's aide is semi-skilled work that requires light

---

[2] The court issued an order directing the parties to file briefs and provide a statement of the facts, including an outline of relevant medical evidence and any other relevant evidence of record. The parties did not set out the foregoing information in their briefs, and therefore the court will assume that the parties have no objection to the summary of the medical record provided in the ALJ's decision.

exertion and cake decorating is skilled work that also requires light exertion. Bennett testified that bakery manager is skilled work, with a specific vocational preparation (SVP) level of 8,[3] and is classified as sedentary exertion, but the job required heavy exertion as Shearer had performed it. (Tr. 958). The ALJ asked Bennett to consider a worker of Shearer's age, education and work experience who was limited to sedentary work. Bennett testified that the bakery manager was classified as sedentary; however, Bennett also opined that the Dictionary of Occupational Titles (DOT) was somewhat outdated and testified that in her opinion the job of bakery manager probably demanded light exertion, not sedentary exertion. (Tr. 959).

2. ALJ Decision

The ALJ found that Shearer had not engaged in substantial gainful activity since her alleged onset date and had the following severe impairments: degenerative disc disease of the lumbar and cervical spine. (Tr. 17). The ALJ found no impairment or combination of impairments meeting or equaling the severity of a listing impairment. After summarizing the medical evidence and Shearer's subjective complaints, the ALJ found that Shearer retained the residual functional capacity (RFC) for sedentary work. He further found that Shearer's RFC was not inconsistent with the performance of her past relevant work as a bakery manager as that job is described in the DOT. The ALJ acknowledged Bennett's opinion that bakery manager was a job requiring light exertion, but accepted the DOT classification of the job as sedentary work. (Tr. 19). Accordingly, the ALJ found

---

[3] The specific vocational preparation (SVP) level refers to the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a particular occupation. *See* DICTIONARY OF OCCUPATIONAL TITLES app. C (rev. 4th ed. 1991). Unskilled work usually requires less than thirty days training, which corresponds to an SVP of 1 or 2; semi-skilled work corresponds to an SVP of 3 or 4; and skilled work requires an SVP level of 5 or higher. SOCIAL SECURITY RULING 00-4p. *See generally* 20 C.F.R. §§ 404.1568, 416.968.

that Shearer was not disabled for purposes of disability insurance benefits or SSI payments. (Tr. 19-20).

E.    DISCUSSION

Shearer asserts that the ALJ erred in his assessment of her severe impairments at Step Two and that this error tainted each of the subsequent steps in the sequential evaluation process.[4] The ALJ found that Shearer's lumbar and cervical degenerative disc disease were severe, but did not meet or equal the criteria of any listed impairment  Shearer argues that she alleged disability due to three additional impairments involving her right shoulder, left knee, and the pain that resulted from all of the injuries she sustained when she fell. She asserts that the ALJ was aware of her other alleged impairments because he mentioned them in his decision, but included no findings with regard to these additional impairments and no explanation as to why these impairments were excluded from his analysis at Step Two.

The ALJ's decision includes no formal determination that her right shoulder, left knee, and general pain complaints constituted severe or even medically determinable impairments, but Shearer neither argues nor demonstrates harm.[5] Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). The ALJ

---

[4] Shearer alludes to the existence of numerous unspecified errors in the ALJ's decision. As provided in the Order Directing Case to Be Treated As An Appeal, issues not properly raised and presented in the briefs are deemed abandoned.

[5] Shearer's counsel asserts that the ALJ was required to make one of three possible findings with respect to her additional impairments: That they were not medically determinable impairments, that they were medically determinable but not severe impairments, or that they were medically determinable and severe impairments. She does not advocate that the evidence favors any one of these three possible alternatives.

affirmed that his decision was based on an assessment of the entire record. (Tr. 17). He reviewed the diagnostic studies related to Shearer's shoulder and knee injuries, as well as her degenerative disc disease, and also summarized her subjective reports of pain, (Tr. 18-19), but nonetheless determined that Shearer was capable of performing at least sedentary work activity. (Tr. 19). The ALJ's decision reflects that he considered all of Shearer's alleged impairments for purposes of each progressive step in his evaluation.

Shearer also asserts that the ALJ did not make the requisite findings for purposes of comparing her residual functional capacity with the physical and mental demands of her previous work. There are three phases in the determination of whether a claimant can return to her past relevant work: In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC). *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the second phase, the ALJ must determine the physical and mental demands of the claimant's past relevant work, and in the third phase, the ALJ must determine whether the claimant has the ability to meet the job demands found in the second phase despite the mental and/or physical limitations found in phase one. *Id.* Before finding that the claimant can return to her past relevant work, the ALJ must directly compare the claimant's remaining functional capacities with the physical and mental demands of his previous work. *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994). An ALJ must make specific findings of fact at each phase of the process. SOCIAL SECURITY RULING 82-62.

The ALJ found that Shearer retained the RFC for sedentary work and imposed no non-exertional restrictions that would further limit the range of suitable work. (Tr. 17). The ALJ also noted that the DOT classified Shearer's previous work as a bakery manager as sedentary in exertion.

(Tr. 19). The ALJ acknowledged the vocational expert's opinion that bakery manager was more properly classified as light work, but adopted the DOT classification instead. *See generally* SOCIAL SECURITY RULING 00-4p (clarifying how conflicts between vocational experts and other reliable occupation information should be resolved). The ALJ found that Shearer's RFC was compatible with the performance of her previous work as described in the DOT. (Tr. 19). The ALJ made adequate findings to support his evaluation of Shearer's ability to perform her past relevant work.

Shearer asserts that the ALJ did not address whether she could perform the mental demands of her past relevant work as that work is described in the DOT. She complains that the ALJ cannot depend on the DOT description for the exertional requirements of her past relevant work, yet not address how her mental impairments might be vocationally relevant with respect to the performance of the job of bakery manager job as defined in the DOT. It is undisputed that Shearer had no severe mental impairment and there is no evidence that her mental abilities otherwise declined after she ceased working as a bakery manager.[6] Although Shearer described herself as not particularly smart or a good speller, she graduated high school, has sixty hours of college credit, and obtained certification as a teacher's aide. The ALJ found no work-related mental restrictions, and Shearer has not shown that the ALJ's failure to assess any mental restrictions is unsupported by substantial evidence.

Shearer also argues that the ALJ presented an incomplete hypothetical question to the vocational expert, but the ALJ found her capable of sedentary work and that restriction was presented to the

---

[6] In the disability paperwork she completed, Shearer indicated that her responsibilities included ordering inventory; using machines, tools, or equipment; writing, completing reports, or similar duties; and supervising nineteen people. (Tr. 93-94).

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE—PAGE 8 OF 11

vocational expert for consideration during the hearing. Shearer does not specify what additional limitations should have been included in the ALJ's assessment of her residual functional capacity or in the hypothetical. She has failed to show that her impairments imposed work-related restrictions in excess of those found by the ALJ and presented to the vocational expert.

Shearer also cites the principle that a finding of non-disability requires a determination that a claimant can hold whatever job she finds for a significant period of time. *See Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002). *See also Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). She does not argue that the ALJ violated this principle in her case or did not appreciate that a residual functional capacity assessment, by definition, reflects a person's capacity for work on a sustained basis. SOCIAL SECURITY RULING 96-8p. *See also Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001)

The ALJ's failure to articulate findings regarding the status of Shearer's additional shoulder, knee and pain-related impairments at Step Two did not result in reversible error or taint the subsequent steps in the sequential evaluation process. Shearer has failed to demonstrate that improper standards were used to evaluate the evidence or that the Commissioner reached a decision that is not supported by substantial evidence.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this 2action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until December 4, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until December 4, 2008 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED NOVEMBER 13, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE